UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ROY LAWRENCE PHELPS,            Case No. 6:23-cv-01950-MC

    Petitioner,            ORDER OF DISMISSAL

    v.

PAROLE BOARD POST-PRISON,

    Respondent.
_____

MCSHANE, District Judge.

    Petitioner, an adult in custody at the Douglas County Jail, files this federal habeas action pursuant to 28 U.S.C. § 2241 and alleges that he is being detained in violation of his federal due process rights. From the face of his Petition, Petitioner has not exhausted his claims in the Oregon courts, and the Petition is DISMISSED without prejudice.

    Petitioner asserts that he was arrested on November 27, 2023, for an alleged post-prison supervision violation, and that he is being detained "indefinitely" without an opportunity to be

1 - ORDER OF DISMISSAL

heard on the alleged violation. Petitioner further contends that his term of supervision expires on January 24, 2024, and he requests that this Court order his release from state custody and terminate his supervision.

Generally, a detainee held on state charges must exhaust available state court remedies before seeking federal habeas relief under 28 U.S.C. § 2241. *Carden v. Montana*, 626 F.2d 82, 83 (9th Cir. 1980). This exhaustion principle stems from the doctrine of *Younger* abstention, which "prevent[s] federal interference with state adjudication, especially state criminal trials." *Id.*; *See Younger v. Harris*, 401 U.S. 37, 46, (1971). "*Younger* abstention is appropriate when: (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." *Page v. King*, 932 F.3d 898, 901-02 (9th Cir. 2019) (quoting *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018)). Only "if there is a 'showing of bad faith, harassment, or some other extraordinary circumstance'" is abstention inappropriate. *Arevalo*, 882 F.3d at 765-66 (citation omitted).

Petitioner's claim involves an ongoing state court proceeding that implicates important state interests in supervising criminal defendants. Further, Petitioner can challenge the basis of his detention in the Oregon courts, and his requested relief would unduly interfere with state criminal proceedings. Moreover, as Petitioner admits, he was arrested and charged with new offenses, and review of the state court docket reveals that Petitioner is being detained on the new criminal charges and has been appointed counsel in that case. Accordingly, no extraordinary circumstances warrant federal court intervention in Petitioner's ongoing criminal proceedings, and he must exhaust his state court remedies before seeking federal habeas relief.

2 - ORDER OF DISMISSAL

## CONCLUSION

Petitioner has not exhausted his state court remedies, and this action is DISMISSED, without prejudice.

IT IS SO ORDERED.

    DATED this 24th day of January, 2024.

                                          s/ Michael J. McShane
                                          MICHAEL J. MCSHANE
                                          United States District Judge

3 - ORDER OF DISMISSAL